UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIO PETER ZAMMIT

    Plaintiff,

v.

INTERNAL REVENUE SERVICE, ET AL.,

    Defendants.

_____/

Case No.14-14155

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [8] AND DISMISSING THE MICHIGAN REVENUE SERVICE**

On October 28, 2014, Plaintiff filed a *pro se* complaint against the Internal Revenue Service, the "Michigan Revenue Service", and over 87 "Michigan State Abortion clinics who are acting in violation of the Michigan health code and the 14th Amendment . . . ." (Compl. p. 1). The Court, *sua sponte,* dismissed the Abortion Clinic Defendants on the grounds that Plaintiff failed to establish subject matter jurisdiction over these private institutions under 42 U.S.C. § 1983. (Dkt #5).   Plaintiff filed a motion for reconsideration of the Court's order on January 9, 2015.[1] For the reasons stated below, the Court DENIES Plaintiff's motion.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must "demonstrate a palpable defect by which the Court . . . has been misled . . . . " E.D. Mich. LR 7.1(h)(3). Here, Plaintiff argues that the Abortion Clinic Defendants are considered state actors under § 1983--and thus subject to suit--because they are funded and regulated by the state. This assertion, even if true, does not alter the

---

[1] Plaintiff's motion was received in chambers on January 9, 2015. All future submissions must be filed with the Clerk of the Court. *See* Fed. R. Civ. P. 5(e).

Court's holding. Indeed, the Sixth Circuit has been clear that the "actions of a private entity do not become state action merely because the government provides substantial funding to the private party." *Wolotsky v. Huhn*, 960 F.2d 1331, 1336 (6th Cir. 1992). Moreover, "state regulation of a private entity, even if it is extensive and detailed, is not enough to support a finding of state action." *Id.* Finally, even if the Abortion Clinic Defendants were acting under color of state law, Plaintiff does not have standing to pursue the claims of third-parties in this context. *See Planned Parenthood Ass'n of Cincinnati, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987) (holding that, in the absence of two limited scenarios not applicable here, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

Furthermore, the Eleventh Amendment bars civil rights actions against a state, its agencies, departments, and state officials sued in their official capacities unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. Therefore, Plaintiff cannot sue the Michigan Revenue Service under § 1983.

For the foregoing reasons, Plaintiff's motion for reconsideration of the Court's December 5, 2014 Order is hereby DENIED. It is further ordered that the Michigan Revenue Service is DISMISSED from this lawsuit.

SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: February 5, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 5, 2015, by electronic and/or ordinary mail.

        S/Carol J. Bethel
        Case Manager