UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIO PETER ZAMMIT

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,

    Defendants.

                                               /

Case No.14-14155

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE [20] AND RELATED ADDENDUM [21]**

Plaintiff, apparently displeased with this Court's denial of his second motion for reconsideration of the same order, has filed a motion seeking to recuse the assigned Judge from this case. (Dkt. 20 and 21). The Court finds that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule LR 7.1(f)(2), Plaintiff's motion will be decided on the briefs and without oral argument. For the reasons stated below, Plaintiff's motion is DENIED.

**I.    Analysis**

Motions for recusal pursuant to 28 U.S.C. §§ 144 and 455 are committed to the sound discretion of the district court deciding the motion. *See Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). Further, contrary to Plaintiff's suggestion, it is proper for the challenged judge to rule on the motion for recusal. *See United States v. Hatchett*, No. 92-1065, 1992 WL 296865, **2-3 (6th Cir. Oct. 15, 1992). *See also Easley v. Univ. of Michigan Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988). Sections 144 and 455 are construed *in*

*pari materia*. *Youn*, 324 F.3d at 423.

As to Plaintiff's claims of actual personal bias and prejudice, it is well-established that such bias must be extrajudicial. *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (addressing a motion to recuse brought pursuant to § 455(b)(1)). "'Personal' bias is prejudice that emanates from some source <u>other</u> than participation in the proceedings or prior contact with related cases." *Youn*, 324 F.3d at 423 (emphasis added). "Extrajudicial conduct encompasses only personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.* (internal quote and citation omitted).

As the Supreme Court explained in *Liteky v. United States*, 510 U.S. 540 (1994), knowledge gained and opinions formed by a judge during court proceedings cannot support a claim of recusal for improper bias or prejudice:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed toward the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly or necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943). Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

*Id.* at 550-51. Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. This is because, when viewed alone, "they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances

evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* Rather, the challenged judicial rulings "are proper grounds for appeal, not for recusal." *Id.*

The Court further clarified that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Despite Plaintiff's argument, there is no reasonable factual basis for concluding that it was impossible for the Court to make a fair judgment with regard to Plaintiff's claims. As discussed, to show improper bias or partiality, Plaintiff must show that the challenged judicial conduct "reveal[s] an opinion that derives from an extrajudicial source. . . ." *Id.* Similar to the plaintiff in *Jamieson*, Plaintiff here argues that the Court's alleged bias emanates from its prior decisions concerning the subject matter of this litigation. *See* (Pltf.'s Add. 4) ("Her Honor Judge Edmunds' decisions have been consistent with a pro-choice . . . rhetoric. It is without question that I cannot have a fair hearing of this case under her rulings[.]"). This argument is, without question, a non-starter. *See Jamieson*, 427 F.3d at 405.

Similarly, recusal is not required under 28 U.S.C. § 445(a). *See Liteky*, 510 U.S. at 553 (holding that the "'extrajudicial source' limitation" governs "for purposes of § 455(a) as well."). *Accord, Youn*, 324 F.3d at 423. Applying the principles set forth in *Liteky*, this Court concludes that Plaintiff has not alleged facts reasonably calling into question its impartiality. As in *Liteky*, Plaintiff's grounds for recusal are based solely on judgments rendered during the course of judicial proceedings. *See Liteky*, 510 U.S. at 556. Plaintiff

has not shown that the Court relied on knowledge acquired outside these court proceedings or displayed the sort of deep-seated and unequivocal antagonism that would establish that it was impossible for the Court to render a fair judgment. *Id.*

## II. Conclusion

For the above-stated reasons, Plaintiff's motion for recusal is DENIED.

SO ORDERED.

       S/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: April 8, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 8, 2015, by electronic and/or ordinary mail.

       S/Carol J. Bethel
       Case Manager