UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

PIO PETER ZAMMIT,

    Plaintiff,

v.

THE FEDERAL INTERNAL
REVENUE SERVICES, *et. al.*

    Defendants.
_____/

Case No. 14-14155
Honorable Nancy G. Edmunds
Magistrate Judge Elizabeth A. Stafford

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS AND TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [R. 26; R. 31]

**I.  INTRODUCTION**

Citing the First and Fourteenth Amendments, his status as a taxpayer and citizen, the Bible, the sovereignty of God and other extra-judicial sources, Plaintiff Pio Peter Zammit alleges that the Internal Revenue Service illegally distributes tax dollars to fund abortions.[1]  Although Zammit recognizes that federal law generally prohibits tax revenue from being used

---

[1] The Honorable Nancy G. Edmunds dismissed 87 clinics and the "Michigan Revenue Service," so the only remaining defendant is the Internal Revenue Service.  [R. 5; R. 11].

to fund elective abortions,[2] he alleges without any supporting proof that $550,000,000 of tax revenue is being distributed to Planned Parenthood by executive order in order to fund "abortions on demand."[3] [R. 29, PgID 392; R. 31, PgID 406]. The Honorable Nancy G. Edmunds referred this action to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). [R. 6].

The United States, which is the proper party to this action under 26 U.S.C. § 7422(f)(1), has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), alleging that the Court lacks subject matter jurisdiction to adjudicate this lawsuit. The Court agrees, and **RECOMMENDS** that the motion to dismiss [R. 26] be **GRANTED**, and that Zammit's motion for summary judgment [R. 31] be **DENIED**.

---

[2] *See, e.g.,* H.R. 2764, 110th Cong. (2007) ("None of the funds appropriated by this title shall be available to pay for an abortion, except where the life of the mother would be endangered if the fetus were carried to term, or in the case of rape."); 42 U.S.C. § 300a-6 ("None of the funds appropriated under this subchapter shall be used in programs where abortion is a method of family planning.").

[3] The lack of evidence is relevant at this early stage because Zammit filed a motion for summary judgment. [R. 31]. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (party seeking summary judgment must cite to evidence showing no genuine issue of material fact).

2

**II. ANALYSIS**

When subject matter jurisdiction is challenged under Rule 12(b)(1), it is the plaintiff's burden to show that the Court has jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). If the motion attacks the claim of jurisdiction on its face, the plaintiff's factual allegations must be considered as true. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If a plaintiff fails to satisfy the standing requirement, the complaint should be dismissed for lack of jurisdiction, and the Court need not reach the substantive question of whether the complaint states a claim. *Coal Operators & Associates, Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002). In this case, even accepting Zammit's implausible factual and legal allegations as true, his complaint should be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction.

In his complaint, Zammit cited his status as a taxpayer and requested back taxes. [R. 1, PgID 1 & 10]. As pointed out by the United States, the Court lacks subject matter jurisdiction for this claim because, by statute, Zammit was required to first file a claim for a refund with the IRS. *See* 26 U.S.C. § 7422(a); *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 5-6 (2008) (Internal Revenue Code requires that taxpayer comply with tax refund scheme before filing action in United States district court).

After this fatal flaw to his complaint was pointed out in the United States' motion to dismiss, Zammit asserted in his response that he is not alleging standing as a taxpayer or asking for a tax refund. [R. 29, PgID 391]. He now alleges standing as a United States citizen, and states that he is entitled to punitive damages. [*Id.*; R. 31, PgID 408-09]. However, "[t]he pleading contains no such allegation, and [Zammit] may not amend [his] complaint through a response brief." *Jocham v. Tuscola County*, 239 F.Supp.2d 714, 732 (E.D. Mich. 2003) (citing *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996).

Moreover, the United States has invoked its sovereign immunity in its motion to dismiss, and Zammit has not identified a federal statute that unequivocally gives consent to a suit for punitive damages. "It long has been established, of course, that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan,* 424 U.S. 392, 399 (1976) (citation and internal quotation marks omitted). The consent to be sued must be expressed unequivocally and clearly; consent cannot be implied. *Id.* at 400; *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33-34 (1992).

Zammit argues that the Federal Torts Claims Act (FTCA) constitutes

4

a waiver of sovereign immunity. [R. 31, PgID 406-07]. Nonetheless, even if his allegations of improper allocation of tax revenue could be considered a tort under the Act, the FTCA unequivocally states that the United States "shall not be liable . . . for punitive damages." 28 U.S.C. § 2674. This Court has no subject matter jurisdiction over Zammit's claim for punitive damages.

Furthermore, Zammit has not alleged that he has the necessary personal stake to have standing to challenge the alleged misallocation of tax revenue. See *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) ("[T]he standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.") (citation and internal quotation marks omitted). Zammit's status as a taxpayer does not bestow the necessary standing. "As a general matter, the interest of a federal taxpayer in seeing that Treasury funds are spent in accordance with the Constitution does not give rise to the kind of redressable 'personal injury' required for Article III standing." *Hein v. Freedom From Religion Foundation, Inc.*, 551 U.S. 587, 599 (2007). In the same vein, Zammit's reliance on his status as a citizen is insufficient to establish standing. "[S]tanding to sue may not be predicated upon an

5

interest of the kind alleged here which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." *Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 220-21 (1974). See also *Hein*, 551 U.S. at 601, n. 2 (collecting cases).

For these reasons, Zammit has failed to establish subject matter jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the United States' motion to dismiss [R. 26] be **GRANTED**, and that Zammit's motion for summary judgment [R. 31] be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 21, 2015

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*,

6

638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2015.

                                                    s/Marlena Williams
                                                    MARLENA WILLIAMS
                                                    Case Manager