UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIO PETER ZAMMIT

    Plaintiff,

v.

INTERNAL REVENUE SERVICE, ET AL.,

    Defendants.
_____/

Case No.14-14155

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [32], GRANTING DEFENDANT'S MOTION TO DISMISS [26], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [31]**

This matter comes before the Court on the Magistrate Judge's report and recommendation. The Magistrate Judge recommends granting Defendant's motion to dismiss Plaintiff's complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. Plaintiff's complaint alleges that the Internal Revenue Service[1] illegally distributes tax dollars to fund abortions. Plaintiff filed nearly 100 pages of objections to the Magistrate Judge's report and recommendation and an additional 35 pages replying to Defendant's single-paragraph response. Having reviewed and fully considered each objection, the pleadings, and the record, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the report and recommendation in full, and GRANTS Defendant's motion to dismiss. Plaintiff's motion for summary judgment is accordingly DENIED.

---

[1] The United States, asserting itself as the proper party in place of the IRS, filed the pending motion to dismiss. (Dkt. 26.)

As a preliminary matter, Plaintiff's objections do not comply with the Magistrate Judge's notice requiring any objections to be "concise" and "specific." (Dkt. 32, at 6-7.) For example, Plaintiff's second objection—which objects to the first sentence of the report—goes on for 15 single-spaced pages, includes an article from a website and three pages of user-comments (annotated by Plaintiff), as well as Plaintiff's musings about a variety of topics ranging from Henry VIII, to President Obama, to Adolf Hitler, to "Red China Atheism." (*See, e.g.*, Dkt. 34, at 3-18.) Not only do these 15 pages fail to raise a valid objection, but they are a poignant example of Plaintiff's general failure to comply with the instruction to make his objections concise and specific.

In addition, the majority of Plaintiff's objections do not address the substance of the Magistrate Judge's report and recommendation and are irrelevant to the issue of subject matter jurisdiction. For example, Plaintiff's first objection is to the use of the title "Report and Recommendation." (Dkt. 34, at 3.) He claims the title is a "prejudicial attempt to act as a lawyer for the Defendant" and "Judge Nancy Edmunds is perfectly capable of coming to her own conclusions and does not need any recommendations from her staff." (*Id.*) The objection to the title of the Magistrate Judge's report and recommendation is unavailing. Not only is a magistrate judge (who is, of course, not a district court judge's "staff") required by the Federal Rules of Civil Procedure to "enter a recommended disposition," Fed. R. Civ. P. 72(b)(1), but challenging the longstanding practice of how to caption certain papers fails to raise an appropriate objection and is simply unhelpful here.

Plaintiff's objections that *do* address relevant issues primarily rehash previous arguments. Those arguments were addressed and properly rejected by the Magistrate Judge. The Court is not obligated to address objections that are mere recitations of earlier

arguments and that fail to specifically identify errors in the report and recommendation. *See Nork v. Comm'r of Social Sec.*, No. 14-12511, 2015 WL 3620482, at *1 (E.D. Mich. June 9, 2015); *Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008). The Court, therefore, does not address such objections.

One objection that appears to not merely repeat a prior argument claims the Magistrate Judge's report is flawed in finding that the injury alleged is held in common by all members of the public. (Dkt. 34-1. at 14-18.) Plaintiff objects, arguing that "using [his] particular tax monies to kill particular individual babies ... causes [him] a concrete and particular and devastating injury which is not held in common by the public." (*Id.* at 16.) But a particular and concrete injury does not exist simply because a litigant uses the words "particular" and "concrete." *See, e.g.*, *Morris v. Sullivan*, 897 F.2d 553, 560 (D.C. Cir. 1990) ("[C]ourts are not required to entertain frivolous claims merely because they are cloaked in constitutional garb."). Plaintiff has failed to allege the type of concrete and particularized injury required to establish constitutional standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Rather, his alleged injuries rely on his status as taxpayer and as "sovereign citizen"[2]—both of which the Magistrate Judge correctly determined are insufficient to establish constitutional standing. *See Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 593 (2007) (noting that except for narrow Establishment Clause

---

[2] Because the Magistrate Judge has already done so, the Court does not address in detail Plaintiff's argument that he is invoking his status as "sovereign citizen" and *not* his status as taxpayer as his basis for standing. The Court notes, however, that even within his objections Plaintiff clearly invokes his status as a taxpayer as a basis for this suit. (*See e.g.,* Dkt. 34-1, at 10 ("My whole case is about my stake in this case to stop misallocation of tax monies for abortion on demand – MOST ESPECIALLY MY TAX MONIES.") (emphasis in original); Dkt. 34-1, at 16 ("My standing is upon my personal injury of using my particular tax monies to kill particular individual babies.").)

exception, "the payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government"); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 483 (1982) ("This Court repeatedly has rejected claims of standing predicated on the right, possessed by every citizen, to require that the Government be administered according to law." (citation omitted)). In light of this, and the additional reasons discussed in the report and recommendation, the Court agrees with the Magistrate Judge that dismissal is appropriate under Rule 12(b)(1) for lack of subject matter jurisdiction.

Finally, Plaintiff's objections include several allegations of bias on the part of the Magistrate Judge. (*See, e.g.*, Dkt. 34-1, at 2 ("I begin to wonder if Her Honor's **need** ... for judicial advancement is and was her prime '*extra-judicial*' motive in her writing this.") (emphasis in original)). The Court finds such allegations entirely unfounded.

The Court, being fully advised in the premises, OVERRULES Plaintiff's objections to the report and recommendation, ACCEPTS and ADOPTS the report and recommendation in full, and GRANTS Defendant's motion to dismiss. Plaintiff's motion for summary judgment is accordingly DENIED.

                         s/Nancy G. Edmunds
                         Nancy G. Edmunds
                         United States District Judge

Dated: December 7, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2015, by electronic and/or ordinary mail.

                         s/Carol J. Bethel
                         Case Manager