UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PIO PETER ZAMMIT,

     Plaintiff,

v.

INTERNAL REVENUE SERVICE, ET AL.,

     Defendants.

Case No. 14-14155

Honorable Nancy G. Edmunds

_____/


**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [39]**

Plaintiff moves for reconsideration of the Court's December 7, 2015 order disposing of his case.  For the reasons below, the Court DENIES Plaintiff's motion.

On December 7, 2015, the Court entered an order adopting the Magistrate Judge's report and recommendation, granting Defendant's motion to dismiss, and denying Plaintiff's motion for summary judgment.  (Dkt. 37.)  On September 8, 2016, the Court received a letter from Plaintiff with an attached motion for reconsideration, dated December 23, 2015. Plaintiff's letter claims that the Court previously entered an order denying the attached motion, but the Court has neither received this motion before nor ruled upon it.  Plaintiff did not file it properly, and it was never docketed by the Clerk of Court.

Plaintiff's letter also states that he has filed a motion to set aside the judgment, but the Court has not received that motion, either.  Nor has it been docketed by the Clerk of Court.

Given that the Court only has access to the motion for reconsideration attached to Plaintiff's letter, this order is restricted to that motion.

Plaintiff's motion for reconsideration alleges that the Court committed five errors in its December 7, 2015 order. The Court first finds that Plaintiff's motion fails on two procedural grounds and then notes, without ruling on the merits, that Plaintiff's motion would likely fail substantively.

First, by mailing his motion directly to the Court's chambers, Plaintiff did not file his motion in accordance with the federal rules.  Fed. R. Civ. P. 5(d)(2) states: "A paper is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing."  The Court has not agreed to accept Defendant's motion for filing, and it previously informed Plaintiff that it would not accept papers mailed to chambers directly.  (Dkt. 11, at 1.)  The Court stated: "All future submissions must be filed with the Clerk of Court." *Id.*  Thus, the Court may deny Plaintiff's motion as procedurally defective. *See* Fed. R. Civ. P. 5(d)(2).

Second, Plaintiff's motion is untimely.  Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a motion for reconsideration must be filed within fourteen days of the order to which it objects.  Because the Court did not receive Plaintiff's motion until September 8, 2016, it is untimely. For this reason, in addition to Plaintiff's failure to file properly, Plaintiff's motion for reconsideration is DENIED.

The Court also notes, without reaching a holding on the merits, that Plaintiff's motion would likely fail substantively.  Under Rule 7.1(h), a timely motion for reconsideration should only be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of that palpable defect.  Plaintiff's motion does not seem to (1) direct the Court's attention to any new facts or law; (2) point to a clear error committed by the Court;

or (3) raise any issues that have not already been litigated.  Therefore, Plaintiff's motion

likely fails to meet Rule 7.1(h)'s standard.

For the procedural defects noted above, Plaintiff's motion for reconsideration is

DENIED.

SO ORDERED.


s/Nancy G. Edmunds

Nancy G. Edmunds
United States District Judge

Dated:  September 15, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record
on September 15, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel

Case Manager